IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JEANETTE E. KANODE,

    Plaintiff,

v.

                       CIVIL ACTION NO.  1:08-0929

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

<u>MEMORANDUM OPINION</u>

By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted to the court his Proposed Findings and Recommendation ("PF&R") on February 1, 2010, in which he recommended that the court deny plaintiff's motion for judgment on the pleadings, grant defendant's motion for judgment on the pleadings, affirm the final decision of the Commissioner, and dismiss this matter from the active docket of the court.

In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a

de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

The court notes that judicial review in social security cases is quite limited.  The magistrate judge's review is to determine if the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and that he or she applied the proper legal standards.  See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).  "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Id.  Therefore, with respect to plaintiff's specific objections, this court has reviewed the record to determine whether each finding of the ALJ is supported by substantial evidence, which is defined as something "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Id.

Plaintiff's objections are directed at the magistrate judge's determination that the ALJ's evaluation of plaintiff's carpal tunnel syndrome was supported by substantial evidence. Plaintiff specifically takes issue with Magistrate Judge VanDervort's conclusion that, in reaching her decision, the ALJ obviously determined that "[c]laimant's condition was controlled by treatment, including the decompression surgeries, and therefore, Claimant was not under a disability for a period of

one year as required by 42 U.S.C. § 423(d)(1)(A) and 20 C.F.R. §§ 404.1509, 416.909." Proposed Findings and Recommendation at 11.

On December 27, 2005, plaintiff filed an application for disability insurance benefits (DIB). Later, on November 30, 2006, she filed an application for supplemental security income (SSI). Both applications alleged disability beginning on July 5, 2005 for a number of medical reasons, including carpal tunnel syndrome.

As to plaintiff's carpal tunnel syndrome, the ALJ noted that, in February 27, 2006, an EMG/NCS "showed moderate carpal tunnel syndrome bilateral, right worse." Tr. at 23. The ALJ further noted that claimant underwent right carpal tunnel decompression on July 25, 2006, and that "[s]he tolerated the procedure well and was advised to use [an] arm sling and Lortab for pain." Tr. at 24. Later, on December 7, 2006, she underwent left carpal tunnel decompression. Id. Plaintiff tolerated this procedure well and, again, was advised to use an arm sling and Lortab for pain. Id.

In discussing the ALJ's treatment of plaintiff's carpal tunnel syndrome and her decision to assess mild limitations as a result of that condition, Magistrate Judge VanDervort came to the obvious conclusion, borne out by the evidence in the record, that the ALJ determined plaintiff's carpal tunnel condition improved with surgery and, therefore, was not disabling for a period of

3

one year.  Although the ALJ did not say this specifically, it is clear she was aware of the Act's strict durational requirement. As she stated in her decision,

> The issue is whether the claimant is disabled under sections 216(i), 223(d) and 1614(a)(3)(A) of the Social Security Act.  Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death <u>or that has lasted or can be expected to last for a continuous period of not less than 12 months</u>.

Tr. at 19 (emphasis added).  The ALJ then proceeded to discuss the progression of all plaintiff's medical conditions, including her carpal tunnel syndrome.  A fair reading of that decision supports Magistrate Judge VanDervort's conclusion that the ALJ was mindful of the Act's strict durational requirement and plaintiff's inability to meet it.

As to plaintiff's claim that her carpal tunnel condition dated back before February 2006, based upon her self complaints to her doctor that it did, the court finds that this is insufficient to conclude a medically determinable impairment existed during that time period.  A physician's observations regarding a claimant's subjective complaints of pain are not "clinical evidence" because "[i]f this were true, it would completely vitiate any notion of objective clinical medical evidence."  <u>Craig v. Chater</u>, 76 F.3d 585, 590 n.2 (4th Cir. 1996) ("There is nothing objective about a doctor saying, without more,

4

`I observed my patient telling me she was in pain.'"). Ultimately, the plaintiff has the burden of proving that she has a disability and to do this she must show that she was unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that has lasted or can be expected to last for a continuous period of not less than 12 months.  Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).

The role of this court on review is to determine whether substantial evidence supports the ALJ's decision.  42 U.S.C. § 405(g); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Upon review of the record, the court finds substantial evidence supporting the ALJ's evaluation of plaintiff's carpal tunnel condition.  Accordingly, plaintiff's objections are OVERRULED.

<u>CONCLUSION</u>

For the reasons set forth above and in a separate Judgment Order to be filed this day, the court OVERRULES plaintiff's objections to Magistrate Judge VanDervort's Findings and Recommendation.  Accordingly, the court adopts his Findings and Recommendation and DENIES plaintiff's motion for judgment on the pleadings, GRANTS defendant's motion for judgment on the pleadings, AFFIRMS the final decision of the Commissioner, and DISMISSES this case from the active docket of the court.

The Clerk is directed to forward a copy of this Memorandum Opinion to counsel of record.

**IT IS SO ORDERED** this 30th day of March, 2010.

ENTER:

David A. Faber
Senior United States District Judge